UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| FISCHER IMAGING CORPORATION | ) Case No. 06-15611-EEB |
| | ) |
| EIN: 36-2756787 | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER AUTHORIZING (A) SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO OVERBID AND AUCTION PROCEDURES AND (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN PREPETITION EXECUTORY CONTRACTS**

This matter comes before the Court on Debtor's Motion for Order Authorizing (A) Sale of Substantially all of Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to Overbid and Auction Procedures and (B) Assumption and Assignment of Certain Prepetition Executory Contracts (the "Sale Motion"). In the Sale Motion, Debtor proposed a sale of substantially all of its assets to Byers Peak, Inc. ("Byers Peak"), subject to competing offers in accordance with proposed overbid and auction procedures (the "Procedures").

Pursuant to Debtor's Renewed Motion for Order (A) Approving Overbid and Auction Procedures and (B) Setting a Hearing on the Proposed Asset Sale and Auction, and upon record of the hearing thereon, the Court entered an Order dated October 11, 2006, granting such motion, approving the Procedures, and setting October 24, 2006, as the date for the auction (the "Auction") and the hearing on the Sale Motion. The Procedures required that all overbids be on the identical terms and conditions to those set forth in the Asset Purchase Agreement dated August 21, 2006 (the "APA"), between Byers Peak and Debtor, except for the amount of cash payable at closing (the "Closing Cash").

The Auction, which was conducted by Debtor's counsel, commenced on or about 9:00 a.m. MDT, October 24, 2006, at the United States Bankruptcy Court for the District of Colorado, in Courtroom F, U.S. Customs House, 721 19th Street, Denver, Colorado. At the Auction, three qualified bidders and/or their agents were present, being Byers Peak, JN Properties, LLC ("JN Properties"), and Fred Rudy. After the bidding closed, JN had the highest bid, being $590,000 in Closing Cash, and Byers had the second highest bid, being $570,000 in Closing Cash.

Immediately after the Auction, the Court held a hearing on the Sale Motion. Debtor's counsel informed the Court of the results of the Auction. No objections to the Sale Motion were received by the objection deadline, which was October 19, 2006. Further, after the Auction was concluded, the Court held a telephonic conference at 11:00 a.m., and no objections to Debtor's

sale of the Acquired Assets to JN Properties were made to the Court.

The Court has reviewed the Sale Motion, the results of the Auction and all of the proceedings had before the Court pursuant thereto, and, and after due deliberation and consideration, and good and sufficient cause appearing therefore, it is ORDERED that (all terms not defined herein shall have the meaning set forth in the Sale Motion):

    A.    The Sale Motion is granted.

    B.    The method and adequacy of notice of the Sale Motion and the notice of the hearing thereon is approved.

    C.    The form and substance of the Asset Purchase Agreement ("APA") attached to the Sale Motion is approved.

    D.    Debtor's assumption and assignment of each of the Assumed Executory Contracts pursuant to 11 U.S.C. § 365 is approved.

    E.    Debtor is authorized to transfer the Acquired Assets to JN Properties and to enter into the APA with JN Properties, with the Closing Cash to equal $590,000, and sell or otherwise assign the Acquired Assets pursuant to the APA and §§ 363 and 365 of the Bankruptcy Code, free and clear of all liens, claims, interests and encumbrances (including any and all "interests" in the Acquired Assets within the meaning of § 363(f) of the Bankruptcy Code) and waiving the provisions of Bankruptcy Rule 6004(h).

    F.    In the event that the sale to JN Properties fails to close on or before November 6, 2006, Debtor is authorized and directed to sell the Acquired Assets to Byers Peak, and Byers Peak is obligated to purchase same, on the terms and conditions set forth in the APA, except that Closing Cash shall be $570,000.

    G.    The transactions undertaken by Debtor and JN Properties pursuant to the APA were undertaken at arm's length, without collusion by the parties and were proposed by JN Properties in good faith within the meaning of § 363(m) of the Bankruptcy Code, and represent the highest and best offer for the Acquired Assets.

    H.    If the sale of the Acquired Assets to JN Properties fails to close, and Debtor thus sells the Acquired Assets to Byers Peak, the transactions undertaken by Debtor and Byers Peak pursuant to the APA were undertaken at arm's length, without collusion by the parties and were proposed by Byers Peak in good faith within the meaning of § 363(m) of the Bankruptcy Code, and represent the highest and best offer for the Acquired Assets.

    I.    JN is a good faith purchaser under § 363(m) of the Bankruptcy Code, and JN Properties is granted all of the protections afforded thereby.

     J. If the sale of the Acquired Assets to JN Properties fails to close, and Debtor thus sells the Acquired Assets to Byers Peak, Byers Peak is a good faith purchaser under § 363(m) of the Bankruptcy Code, and Byers Peak is granted all of the protections afforded thereby.

Dated: October 30, 2006.

                   _____
                   United States Bankruptcy Judge